# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**DOUGLASS BRIDGEFORD,**     *

    **Plaintiff,**     *

**v.**     *     **Case No.: DLB-22-471**

**P.R.I.S.M. Inc.,**     *

    **Defendant.**     *

## MEMORANDUM

Self-represented plaintiff Douglass Bridgeford, who is incarcerated at Maryland Correctional Institution – Jessup ("MCIJ"), filed a 42 U.S.C. § 1983 complaint on February 25, 2022. Mr. Bridgeford did not pay the civil filing fee or file a motion for leave to proceed *in forma pauperis*. Upon the Court's review of the complaint, it must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and as a result, Mr. Bridgeford will not be required to pay a filing fee or move to proceed *in forma pauperis*.

As best the Court can discern, Mr. Bridgeford alleges that P.R.I.S.M., a legal services organization, did not help him obtain an early release from his sentence and violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). *See* ECF 1, at 1. He also alleges fraud, although the Court cannot discern the basis for that claim. He appears to claim that he has not received all of the good conduct credits he should have, and that P.R.I.S.M. has not helped him with this issue. He also appears to allege more broadly that P.R.I.S.M. has not helped anyone obtain relief and, on that basis, he challenges the organization's receipt of federal grant funding. *Id.* at 2. He seeks accountability via an investigation. *Id.* at 3. For the reasons discussed below,

Mr. Bridgeford's complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this Court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), 1915A(b).  A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015).  Pursuant to § 1915(e)(2)(B), the Court has an "unusual power" that exceeds its authority under Rule 12(b)(6).  *Id.* at 327.  The Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," such as when "claims describ[e] fantastic or delusional scenarios." *Id.* at 327–28.

Mr. Bridgeford's allegations do not state a claim pursuant to 42 U.S.C. § 1983.  This statute provides a federal cause of action for any individual who believes a state actor has deprived him or her of a constitutional right.  *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999).  The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or

---

[1] In a second filing, Mr. Bridgeford appears to ask for compassionate release.  ECF 2.  Compassionate release cannot be granted in a civil action.  To the extent he seeks such relief, he may file a motion in his criminal case.

omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) (to establish liability under § 1983, a plaintiff must prove the defendant committed the alleged unlawful conduct while acting under color of state law).  Mr. Bridgeford names only P.R.I.S.M. as a defendant and fails to allege that it was a state actor or acting under color of state law during the alleged misconduct.

Mr. Bridgeford appears to allege that P.R.I.S.M. provided him with inadequate legal representation.  ECF 1, at 1–2. An attorney, whether retained or court-appointed, who "perform[s] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," ordinarily does not act under color of state law.  *See Polk County v. Dodson*, 454 U.S. 312, 325 & nn.8–16 (1981) (public defender); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney).  Even if P.R.I.S.M. served as legal counsel for Mr. Bridgeford in a criminal case when he claims the organization allegedly violated his rights, P.R.I.S.M. was not acting under color of state law and is not subject to suit under § 1983. Accordingly, Mr. Bridgeford cannot sustain a § 1983 claim against P.R.I.S.M.

In an effort "to reduce the number of frivolous lawsuits flooding the federal courts," Congress "enact[ed] 28 U.S.C. § 1915(g), a 'three-strikes' statute."  *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), *as amended* (Oct. 22, 2013).  It provides that, once a prisoner has "had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits."  *Id.*  Thus, each dismissal of a complaint in its entirety as frivolous or malicious or for failure to state a claim qualifies as a "strike" under § 1915(g).  *See id.*

To result in a "strike," dismissal on § 1915(g) grounds need not be with prejudice.  *See Lomax v. Ortiz-Marquez*, ___ U.S. ___, 140 S. Ct. 1721, 1724 (2020).

The dismissal of Mr. Bridgeford's complaint for failure to state a claim qualifies as a strike under § 1915(g).  *See id.*; *Blakely*, 738 F.3d at 609; 28 U.S.C. § 1915(g).  Mr. Bridgeford is reminded that he will not be granted permission to proceed *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A separate order follows.

  April 6, 2022       　　　　　　　　　　　　_____
Date                                                          Deborah L. Boardman
                                                              United States District Judge